IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN L. SAMUELS, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 3:16-CV-1475-G |
| | § | NO. 3:92-CR-0319-P |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural background**

Petitioner filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was convicted of two counts of obstructing, delaying, and affecting commerce by robbery in violation of 18 U.S.C. § 1951(a); two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); and two counts of assaulting a federal officer, in violation of 18 U.S.C. § 111. On January 20, 1993, he was sentenced to 533 months

confinement. The conviction was affirmed on appeal. *United States v. Samuels*, No. 93-1063 (5th Cir. Dec. 27, 1993) (unpublished).

Petitioner has filed three previous motions to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The first motion was dismissed as untimely. *United States v. Samuels*, No. 3:97-CV-1277-P (N.D. Tex. Dec. 1, 1997), COA denied, No. 98-10014 (5th Cir. Feb. 4, 1999). The second and third motions were dismissed as successive. *Samuels v. United States*, No. 3:97-CV-2696-P (N.D. Tex. Jan. 30, 1998), COA denied, No. 98-10874 (5th Cir. 1999); *Samuels v. United States*, 3:92-CR-319-P (N.D. Tex. Jun. 28, 2006).

In this current petition, Petitioner seeks relief pursuant to the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015).

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive

motion. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

### III. Recommendation

For the foregoing reasons, the Court recommends that the petition to correct, vacate or set aside sentence pursuant to 28 U.S.C. § 2255 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this ___ day of _____, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).